**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FATEMA UDDIN,<br><br>                         Plaintiff,<br>v.<br><br>CHRISTOPHER J. GOODSON; GOODSON LAW OFFICE; FIVE STAR FUNDING, LLC; LUTFUR UDDIN; FARUK SIDDIQUE; JOHN CARUSO; PREAKNESS REAL ESTATE, LLC; A-1 ELEGANT TOURS; and SHELIM KHALIQUE,<br><br>                         Defendants. | **OPINION**<br><br>Civ. No. 2:15-cv-8025 (WHW) (CLW) |

**Walls, Senior District Judge**

      Plaintiff Fatema Uddin complains of an alleged scheme through which she was convinced by Defendants "to stop paying [her] mortgage under the stated reason that it was the only way for [her] to obtain a loan modification" and then to engage in an improper "short sale buyback scheme" through which she ultimately lost the deed to her family home. Compl., ECF No. 1 ¶¶ 1-5. Plaintiff alleges that her attorney, Defendant Caruso, acted as a conduit to perpetuate the fraud and criminal activity of the co-defendants by failing to adequately and competently represent her. Defendant Caruso moves to dismiss the complaint as to himself for failure to comply with the Affidavit of Merit ("AOM") requirements of N.J.S.A § 2A:52A-27. Decided without oral argument under Fed. R. Civ. Pr. 78, Defendant Caruso's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

      The following facts are drawn from the complaint, ECF No. 1, unless otherwise noted: Plaintiff, who is described by the complaint as being an "unsophisticated factory worker Bengali immigrant," became involved in a series of schemes through which she and her husband

1

attempted to reduce the amount of principal and interest owed on their mortgage. *Id.* ¶ 1. These schemes began after Plaintiff experienced financial troubles in 2011 and was referred by a family friend, Defendant Faruk Siddique, to Defendant Lutfur Uddin for help. *Id.* ¶¶ 25-31.

Lutfur Uddin, acting as an agent of Defendant Christopher Goodson and Defendant Goodson Law Office, charged Plaintiff $15,000 to serve as a "loan modification mortgage specialist." *Id.* ¶¶ 2, 31. In exchange, he "guaranteed to obtain . . . for Mrs. Uddin . . . a significant principal reduction and low interest rate" and convinced her that she could obtain such a modification only "if she was in default and had a 'distressed property.'" *Id.* ¶¶ 33, 37. Plaintiff stopped paying her mortgage in April of 2012, and Wells Fargo, which held the mortgage as a successor in interest to World Savings Bank, filed a foreclosure action against her in October of that year. *Id.* ¶¶ 38, 48. Lutfur Uddin promised Plaintiff that he and Goodson Law Office attorneys would "handle everything" and "protect Mrs. Uddin's interests." *Id.* ¶ 51. No appearance was filed in the Wells foreclosure action, but the complaint was dismissed without prejudice on December 6, 2012. *Id.* ¶¶ 53-54.

In 2013, Lutfur Uddin informed Plaintiff that Wells Fargo had denied her application for a loan modification, although he did not provide her with documentation that any such application had been submitted. *Id.* ¶¶ 57, 59. He then advised Plaintiff that she "could still keep her property at a substantially reduced principal balance and monthly mortgage payment through a short sale with Wells." *Id.* ¶ 60.

Lutfur Uddin then arranged for Faruk Siddique to acquire Plaintiff's distressed property through a short sale, after which the Uddins would "reacquire their . . . home at a reduced price" from Siddique, who would "'hold it temporarily,' for a fee." *Id.* ¶¶ 61, 64. He advised Plaintiff that "after Mrs. Uddin's short sale closing her distressed property would be transferred back to

2

**NOT FOR PUBLICATION**

Mrs. Uddin for the sum of $100,000." *Id.* ¶ 71. According to the complaint, the "Uddins, unsophisticated in real estate matters [and] transactions, were unaware and had no reason to believe that Lutfur's version of a short sale was wholly illegal." *Id.* ¶ 73.

Defendant Caruso represented Plaintiff during the short sale transaction, despite the fact that they had never met before the day of the short sale closing. *Id.* ¶¶ 69-70. Defendant Caruso also failed to provide Plaintiff with an interpreter at the short sale closing. In reliance on Defendant Caruso's representation, Plaintiff executed a deed transferring title for her property to Siddique on March 5, 2014. *Id.* ¶ 77.

Defendant Faruk Siddique was a straw buyer, and after the short sale he transferred title through a quit claim deed to Defendant Preakness Real Estate LLC on June 6, 2014, without informing Plaintiff. *Id.* ¶¶ 96-97. Preakness Real Estate was wholly owned by Defendant Shelim Khalique, and the funding for these transactions was provided by Defendant A-1 Elegant Tours, a limousine and bus company that is also wholly owned by Khalique. *Id.* ¶¶ 111-113. These funds were transferred from A-1 to Goodson Law Office and then to Defendant Five Star Funding, a company wholly owned by Defendant Goodson. *Id.* ¶¶ 10, 120.

After this transaction was complete, Khalique informed Plaintiff that he would not convey the property back to her and announced his intention to evict her family from the home. *Id.* ¶¶ 101-103. Defendants Goodson and Goodson Law Office then filed multiple complaints for possession of the property in 2014 and 2015. *Id.* ¶ 110. As a result of this scheme, Plaintiff alleges that Defendants received "upfront fees, undisclosed disbursements, real estate commissions for both the purchase and sale of the Uddins' property [and] several hundred thousand dollars in the form of equity stripped from the Uddins' home." *Id.* ¶ 121. Plaintiff

alleges that Defendant Caruso conspired with the other Defendants to facilitate and orchestrate the fraudulent short sale of her home. *Id.* ¶13.

Plaintiff brings a RICO claim under 18 U.S.C. § 1962(a) against Defendants Christopher Goodson, Lutfur Uddin, Shelim Khalique, and John Caruso. *Id.* ¶ 124. She also brings two RICO claims against these defendants, as well as Defendant Faruk Siddique, under 18 U.S.C. § 1962 (c) and (d). *Id.* ¶¶ 136, 143. She alleges violations of the Federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., against all Defendants. *Id.* ¶ 149. Plaintiff seeks damages totalling $370,940. *Id.* ¶ 177. She also moves under N.J.S.A. 2A:62-1 for a ruling "to determine Plaintiff's legal and equitable ownership of the subject property by way of a quiet-title action." *Id.* ¶¶ 180-193. Finally, she moves for the Court to issue a declaratory judgment voiding the deed conveyances that took place on March 5, 2014 and June 6, 2014, as well as a declaratory judgment that Defendants have no right or interest in the subject property. *Id.* ¶¶ 194-205.

Plaintiff brought suit in this District on November 11, 2015. This Court has subject matter jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

Defendant John Caruso moves to dismiss Plaintiff's claims against him as a result of Plaintiff's failure to file an Affidavit of Merit ("AOM") within 120 days of the filing of Defendant Caruso's Answer as required by N.J.S.A § 2A:52A-27. Defendant Caruso filed his Answer on June 15, 2016. ECF No. 35. 120 days from this date was October 13, 2016. To this date, no AOM has been filed by Plaintiff. Plaintiff has not opposed Defendant Caruso's motion.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

New Jersey's Affidavit of Merit statute, N.J.S.A. § 2A:53a-27 (the "AOM statute") requires that a complainant who alleges professional negligence against certain designated professionals, must produce an affidavit from an expert attesting to the merits of the claim. Professional malpractice or negligence claims proceeding in federal courts in New Jersey must also comply with the AOM statute. *RTC Mortg. Trust 1994 N-1 v. Fidelity Nat'l Title Ins. Co.*, 981 F. Supp. 334, 346-47 (D.N.J. 1999). The statute provides that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall ... provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional ... standards or treatment practices.... The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of five years[.]

N.J.S.A. § 2A:53a-27.

The AOM must be served on a defendant within sixty days of the filing of the defendant's Answer. The sixty-day period may be extended upon a showing of good cause or extraordinary circumstances but must be provided, regardless of circumstances, no later than 120 days from the filing of the defendant's Answer. *Ferreira v. Rancocas Orthopedic Associates*, 178 N.J. 144, 146 (N.J. 2003).

Under the AOM statute, the submission of an appropriate affidavit is considered an element of the claim. *Meehan v. Antonellis*, 226 N.J. 216, 228 (N.J. 2016). Consequently, failure to properly submit an AOM requires dismissal of the complaint for failure to state a claim. *Id.* Because the purpose of the AOM statute is to eliminate frivolous malpractice filings, allowing repeated filings after a dismissal would be "manifestly repugnant" to the legislative purpose of the statute. *Cornblatt v. Barow*, 153 N.J. 218, 242 (N.J. 1998). Dismissals for failure to comply with the AOM statute are with prejudice in all but extraordinary circumstances. *Id.*

When plaintiffs fail to file an opposition to a motion to dismiss, the Court must address the unopposed motion to dismiss on its merits. *Wiggins v. String*, No. 12-3176, 2013 WL 1222676, at *2 (D.N.J. Mar. 25, 2013). To decline to analyze the merits of a motion to dismiss simply because it is unopposed would be to impermissibly sanction plaintiffs for their failure to respond. *Stackhouse v. Mazurkiewicz*, 951 F. 2d 29, 30 (3d Cir. 1991).

## DISCUSSION

### 1. The AOM statute applies to Plaintiff's claims as to Defendant Caruso

#### a. Defendant Caruso is a "licensed person" under the statute

The AOM statute defines "licensed person" as including any person who is licensed as an attorney admitted to practice law in New Jersey. N.J.S.A. § 2A:53a-26. As a lawyer, licensed to

practice law in New Jersey, Defendant Caruso falls within the AOM statute's definition of a licensed person.

### b. The statute is applicable to the claims asserted by Plaintiff against Defendant Caruso

Regardless of whether a plaintiff's claims are rooted in tort, contract, or some other body of law, the AOM statute applies "if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession." *Couri v. Gardner*, 173 N.J. 328, 340 (N.J. 2002). If such proof is required, an AOM is a required element of the claim. *Id.* Tort claims brought against licensed professionals that allege ordinary, but not professional negligence, are not subject to the AOM statute. *Id.* at 340-41.

Here Plaintiff alleges that Defendant Caruso failed to adequately represent her in his negotiation of the short sale closing of her home. Compl. ¶ 131. Plaintiff has asserted various legal claims against Defendant but all are rooted in the same alleged facts: that Defendant Caruso conspired with the other Defendants to induce Plaintiff to enter into a fraudulent and illegitimate real estate agreement. Plaintiff alleges that Defendant Caruso was a "puppet," provided to her by Defendants Uddin, Siddique, Goodson and Goodson Law Office with the intent to defraud her. *Id.* ¶ 139. Specifically, she states that Defendant Caruso did not "adequately and competently represent [her]" by failing to have a Bengali interpreter present, and failing to explain the documents to the Plaintiff prior to signing. Mot. to Dismiss, Ex. C, ECF No. 54-5 ¶10.

Adjudication of the claim that Defendant Caruso did not "adequately and competently" represent Plaintiff clearly requires proof of a deviation from a professional standard. Plaintiff is not merely alleging that Defendant Caruso committed fraud. Rather, she alleges that in his capacity as an attorney, he failed to adhere to a professional standard of "adequate and competent" representation. Proof of what that standard looks like is essential in order to properly

adjudicate the claims against Defendant Caruso. Consequently, the AOM statute is applicable to Plaintiff's claims against Defendant. The lack of an AOM justifies dismissal of Plaintiff's claims as to Defendant Caruso.

### 2. No extraordinary circumstances exist to justify a dismissal of Plaintiff's claims without prejudice

To prevent the "draconian results of an inflexible application" of the AOM statute, New Jersey courts have fashioned the equitable remedy of dismissal without prejudice for failure to file an AOM where a plaintiff can demonstrate "extraordinary circumstances" that prevented compliance with the statute. *Meehan*, 226 N.J. at 229. Courts have consistently held that attorney carelessness does not constitute "extraordinary circumstances" sufficient to justify a dismissal without prejudice. *Taylor v. Plousis*, 101 F. Supp. 2d 255, 270 (D.N.J. 2000). Nor does ignorance of the law, or failure to seek or obtain legal counsel. *Id.*

As alleged in the Complaint, Plaintiff is an "unsophisticated factory worker Bengali immigrant." Compl. ¶ 1. She does not speak, read or write English. *Id.* ¶ 7. The Court is also mindful that Plaintiff has changed counsel and been without counsel at multiple points during this lawsuit. However, Plaintiff was represented by counsel at all time periods relevant to the filing of an AOM. Furthermore, Plaintiff's counsel was made aware of the missing AOM at a case management conference, and still failed to correct the issue. Plaintiff's lack of sophistication and knowledge of the law is irrelevant given that she was, at all relevant times, represented by counsel. Because Plaintiff has not opposed Defendant Caruso's motion to dismiss, the Court has not been made aware of any other facts that could give rise to a finding of extraordinary circumstances sufficient to justify a dismissal without prejudice.

**NOT FOR PUBLICATION**

## CONCLUSION

Defendant's motion is granted. Plaintiff's claims are dismissed with prejudice as to Defendant Caruso only. An appropriate order follows.

Date: _____, 2017

Hon. William H. Walls
United States Senior District Judge