UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FATEMA UDDIN,<br><br>                Plaintiff,<br>v.<br><br>CHRISTOPHER J. GOODSON; GOODSON LAW OFFICE; FIVE STAR FUNDING, LLC; LUTFUR UDDIN; FARUK SIDDIQUE; JOHN CARUSO; PREAKNESS REAL ESTATE, LLC; A-1 ELEGANT TOURS; and SHELIM KHALIQUE,<br><br>                Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 2:15-cv-8025 (WHW) (CLW) |

**Walls, Senior District Judge**

This matter arises out of an allegedly fraudulent scheme to convince Plaintiff Fatema Uddin to stop paying her mortgage and engage in an improper short sale of her home. Defendants Christopher J. Goodson and Goodson Law Office now move to dismiss the complaint as to themselves only for failure to comply with the Affidavit of Merit ("AOM") requirements of N.J.S.A § 2A:52A-27.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant John Caruso filed a similar motion to dismiss for failure to comply with the AOM statute, and was dismissed from this case on March 8, 2017. ECF Nos. 94, 95. The facts of this case were laid out in detail in that Opinion, ECF No. 95, and it is not necessary to revisit them in depth here. For the purposes of Defendants Goodson and Goodson Law Office's motion, the relevant facts are as follows:

Plaintiff Fatema Uddin was referred to Defendant Lutfur Uddin for assistance with some financial difficulties. Compl. ECF No. 1 ¶¶ 25-31. Lutfur Uddin, acting as an agent of Defendant

Goodson and Defendant Goodson Law Office, charged Plaintiff $15,000 to serve as a "loan modification mortgage specialist," and convinced her to stop paying the mortgage on her home in order to obtain a principal reduction and lower interest rate. *Id.* ¶¶ 2, 31, 33, 37. When a foreclosure action was commenced against Plaintiff as the result of her nonpayment, she was assured that the Goodson Law Office attorneys would "handle everything" and "protect [her] interests." *Id.* ¶ 51. In reliance on the advice of Goodson and Goodson Law Office, Plaintiff executed a short sale of her property, transferring title to Defendant Faruk Siddique. *Id.* ¶¶ 61, 64, 77. Siddique, a straw buyer, immediately transferred title through a quit claim deed to Defendant Preakness Real Estate LLC. *Id.* ¶¶ 96-97. The funds for this transaction were transferred by Goodson Law Office, and Defendant Five Star Funding, a company wholly owned by Christopher Goodson. *Id.* ¶¶ 10, 120. After this transaction was complete, Plaintiff was informed that her home would not be sold back to her and that she would be evicted. *Id.* ¶¶ 101-103. Defendants Goodson and Goodson Law Office then filed multiple complaints for possession of the property in 2014 and 2015. *Id.* ¶ 110.

Plaintiff alleges that in addition to providing and transferring funds for the transfer of her property, Defendants Goodson and Goodson Law Office represented all of the actors who participated in the fraudulent sale and transfer of Plaintiff's home and prepared the documents used to convey the property interest *Id.* ¶¶ 118-19. For their role in the scheme, Defendants Goodson and Goodson Law Office were compensated in fees, real estate commissions for both the purchase and sale of Plaintiff's property, and several hundred thousand dollars in equity stripped from the property. *Id.* ¶ 121.

Plaintiff brought suit in this District on November 11, 2015. Defendants Christopher Goodson and Goodson Law Office move to dismiss Plaintiff's claims against them as a result of

Plaintiff's failure to file an Affidavit of Merit ("AOM") within 120 days of the filing of the Defendants' Answer as required by N.J.S.A § 2A:52A-27. Defendants filed their Answer on January 13, 2016. ECF No. 18. 120 days from this date was May 12, 2016. To this date, no AOM has been filed by Plaintiff. Plaintiff has not opposed this motion. Before Defendants Goodson and Goodson Law Office brought this motion, Defendant John Caruso filed a similar motion to dismiss for failure to comply with the AOM statute. ECF No. 54. This motion was granted by the Court on March 8, 2017, and Plaintiff's claims as to Defendant Caruso were dismissed with prejudice. ECF No. 95.

## DISCUSSION

Because Defendants Goodson and Goodson Law Office's present motion is substantively the same as Defendant Caruso's, the Court's reasoning in its March 8, Opinion, ECF No. 95, is equally applicable here. Like Caruso, Defendant Goodson is a "licensed person" within the meaning of the AOM statute because he is a lawyer licensed to practice law in the state of New Jersey. Although not discussed in the Court's previous opinion, law firms also fall within the AOM statute's definition of a licensed person. *Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, LLP*, 416 N.J. Super. 1, 21-22 (N.J. Super. Ct. App. Div. 2010). Consequently, Defendant Goodson Law Office is also a licensed person under the AOM statute.

Plaintiff has accused Defendants Goodson and Goodson Law Office of substantially the same conduct as Defendant Caruso. Although they played different roles in the execution of the alleged scheme, like Defendant Caruso they are accused of violating their duty to their client by inducing her to enter a fraudulent and illegitimate real estate agreement. In addition, the Goodson Defendants acted as a conduit for the transfer of funds to perpetuate the fraud. Plaintiff also

states that these Defendants were representing all of the actors in the scheme, at the same time that they were supposed to be representing her.

All of these claims relate directly to Defendants' status and responsibilities as attorneys. Adjudication of these claims would require proof of a deviation from a professional standard of conduct. Consequently, the AOM statute is applicable to Plaintiff's claims against these Defendants. The lack of an AOM justifies dismissal of Plaintiff's claims as to Defendants Goodson and Goodson Law office.

As discussed in the March 8 Opinion, this case does not present any "extraordinary circumstances" that would justify a dismissal without prejudice. The Court is cognizant of the fact that Plaintiff is not currently represented by counsel. However, at all times relevant to the filing of an AOM, Plaintiff had representation. Consequently, the failure to file a timely AOM cannot be overlooked as a mere error by a *pro se* plaintiff. Ignorance of the law or failure to seek or obtain legal counsel in not sufficient to justify a dismissal without prejudice. *Taylor v. Plousis*, 101 F. Supp. 2d 255, 270 (D.N.J. 2000). Because Plaintiff has not opposed this motion to dismiss, the Court has not been made aware of any other facts that could give rise to a finding of extraordinary circumstances sufficient to justify a dismissal without prejudice.

For the reasons stated here, and in the Court's March 8, 2017 Opinion, we find that Plaintiff has failed to comply with the requirements of N.J.S.A § 2A:52A-27. Defendants' motion is granted. It is hereby ORDERED that Plaintiff's claims as to Defendant Goodson and Defendant Goodson Law Office are dismissed with prejudice.

Date: 18 May, 2017

Hon. William H. Walls
United States Senior District Judge